UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAWN RENEE BELL,

    Plaintiff,
v.                                                                  Case No. 22-10501
                                                             Honorable Victoria A. Roberts

KMG MANAGEMENT PRESTIGE;
HUD HOUSING AND URBAN DEVELOPMENT;
MICHIGAN STATE POLICE DEPARTMENT;
MICHIGAN CIVIL RIGHTS DEPARTMENT

    Defendants.
_____/

## ORDER DISMISSING COMPLAINT [ECF NO. 1]

On March 8, 2022, Plaintiff Dawn Bell filed a *pro se* complaint naming KMG Management Prestige, the U.S. Department of Housing and Urban Development, the Michigan State Police, and the Michigan Civil Rights Department. Bell claims that these agencies are responsible for human trafficking of Bell and her children. She says they also "participated in a hate crime against her, which led to a domestic terrorist attack and a kidnapping of [Bell] and [her] son." [ECF No. 1, PageID.8]. Bell asks for "relief to flee the United States" in the amount of $88 billion, witness protection, and she claims that there have been "threats against [her and her family's] life." [Id].

1

Bell filed an application to proceed in forma pauperis. [ECF No. 2]. Bell's application supports her claim of pauper status. The Court **GRANTS** her application.

Although a *pro se* litigant's complaint is to be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), such complaints still must plead facts sufficient to show a redressable legal wrong has been committed. See Fed. R. Civ. P. 12(b)(6); *Dekoven v. Bell*, 140 F. Supp. 2d 748, 755 (E.D. Mich. 2001).

When a plaintiff asks the Court to waive fees and costs because she cannot afford to pay, the Court must screen the case for merit and dismiss the case if it "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "A complaint lacks an arguable basis in law or fact if it . . . is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000) (*citing Neitzke*, 490 U.S. at 327-28).

The Court screened Bell's complaint pursuant to 28 U.S.C 1915(e)(2)(B) and 1915A(b)(1) and now finds it must be dismissed because it names several state agencies that are immune from suit. States possess sovereign immunity from suits for damages in federal court. *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008). "State and municipal agencies performing governmental functions are generally immune from tort liability." *Mays v. Governor of Michigan*, 506 Mich. 157, 181 (2020).

Further, the complaint fails to state any plausible claim upon which relief may be granted. Bell fails to organize or articulate her suit in specific counts against individual Defendants and does not provide the Court with facts to support her kidnapping and trafficking claims. Lastly, it is not the Court's role to provide witness protection; this authority lies with various law enforcement agencies.

Bell fails to properly allege subject matter jurisdiction. She says the Court has federal question and diversity jurisdiction under 28 USC § 1331 and § 1332, but she fails to cite a federal or state law.

Bell does not name any Michigan counties where the alleged trafficking and kidnapping took place. She says only that it "extended to 30 different states in America," [ECF No. 1, PageID.8], leaving the Court in doubt as to whether venue is proper in the Eastern District of Michigan.

*See* 28 USC § 1391 (b)(1)-(3) ("A civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.").

Because Bell fails to properly allege venue and subject matter jurisdiction, and she fails to state a claim upon which relief may be granted, the Court **DISMISSES** her complaint **WITHOUT PREJUDICE**.

**IT IS ORDERED.**

s/ Victoria A. Roberts<br>Victoria A. Roberts<br>United States District Judge

Dated: April 4, 2022